# Exhibit A-1

IN THE SUPERIOR COURT OF EFFINGHAM COUNTY
STATE OF GEORGIA

FILED FOR RECORD

2014 JUN 27  PM 4:42

ELIZABETH Z. HURSEY
CLERK E.C.O.S.C.

| | | |
|---|---|---|
| JUNE O'HEARN, Individually and Derivatively on Behalf of MEDIENT STUDIOS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: SU14CV0747 |
| v. | ) ) | |
| CHARLES KOPPELMAN, JOSEPH GIAMICHAEL, DAVID PATERSON, JOEL SHAPIRO a/k/a JAKE SHAPIRO, MANU KUMARAN and MEDIENT STUDIOS, INC. a/k/a MEDIENT STUDIOS INDIA PVT LTD, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |

COMPLAINT FOR DAMAGES

COMES NOW JUNE O'HEARN, Individually an derivatively on Behalf of MEDIENT

STUDIOS, INC. (hereinafter referred to as "Plaintiff"), and files this her Complaint for Damages

against CHARLES KOPPELMAN, JOSEPH, GIAMICHAEL, DAVID PATERSON, and JOEL

SHAPIRO and MEDIENT STUDIOS, INC. a/k/a MEDIENT STUDIOS INDIA PVT. LTD.

("Defendants"), in support thereof respectfully shows the Court the following:

PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff, June O'Hearn currently resides in Chatham County, Georgia and consents to the

jurisdiction of this Court. Plaintiff has owned 3,000,000 common shares in Medient Studios,

Inc., at all times relevant to this action.

2.

Upon information and belief, Defendant, Charles Koppelman ("Defendant Koppelman"), is a resident of the State of New York. Defendant Koppelman is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91.

3.

Upon information and belief, Defendant, Joseph Giamichael ("Defendant Giamichael"), is a resident of the State of New York. Defendant Giamichael is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91.

4.

Upon information and belief, Defendant, David Paterson ("Defendant Paterson"), is a resident of the State of New York. Defendant Paterson is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91.

5.

Upon information and belief, Defendant, Joel Shapiro a/k/a Jake Shapiro ("Defendant Shapiro"), is a resident of the State of New York. Defendant Shapiro is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91.

6.

Upon information and belief, Defendant, Manu Kumaran ("Defendant Kumaran"), is an Indian citizen and resident of the State of Ohio. Defendant Kumaran is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91.

7.

Defendant, Medient Studios, Inc. a/k/a Medient Studios India Pvt. Ltd. ("Defendant Medient Studios") is a Nevada for-profit corporation with a principal place of business in

Effingham County, Georgia. Defendant Medient Studios may be served by serving its registered agent, Graham Bradstreet, at 1635 Old River Road, Bloomingdale, Georgia, 31302. Defendant Medient Studios is subject to the jurisdiction of this Court.

8.

Jurisdiction and venue are proper in this Court.

### GENERAL ALLEGATIONS

9.

Defendant Medient Studios is a film production and distribution company with a principal place of business in Effingham County, Georgia. Defendant Medient Studios was incorporated on September 10, 2007.

10.

Defendant Medient Studios is a publically traded company, with stocks available on OTC Markets Group.

11.

Defendant Medient Studios acquired Kumaran Holding, LLC on November 26, 2012.

12.

Subsequent to Defendant Medient Studios's acquisition of Kumaran Holding, LLC, Defendant Kumaran was named Chief Executive Officer and Chief Financial Officer of Defendant Medient Studios.

13.

On August 21, 2013, Defendant Medient Studios entered into a lease agreement with the Effingham County Industrial Development Authority ("ECIDA"), which provided for a twenty-year lease term with a total rent of $10 million dollars.

14.

The lease agreement was purportedly related to the development of a state-of-the-art "Studioplex" to be used for film production and distribution.

15.

Defendant Koppelman joined Defendant Medient Studios as Vice Chairman of the Board of Directors in December of 2013. Defendant Giamichael was appointed to Defendant Medient Studios's Board of Directors prior to Defendant Koppelman's appointment.

16.

On February 13, 2014, Defendant Medient Studios, by Order of its Board of Directors, filed a Schedule 14 Form with the Securities and Exchange Commission advising that Defendant Medient Studios had adopted a resolution approving an amendment to its Articles of Incorporation to effectuate an increase of the authorized common shares from 500,000,000, par value $.001 per share, to 5,000,000,000, par value $.001 per share, and effectuate an increase in the votes per share of the Company's Series A Preferred Stock, par value $.001 per share, from 25 to 250 votes per share. The Form was signed by Defendant Kumaran.

17.

On the above-referenced Schedule 14 Form, Defendant Medient Studios advised that as of February 13, 2014, there were 140,418,483 shares of the Company's common stock issued and outstanding, with each holder of common stock being entitled to one vote per share. The Form further advised that as of February 13, 2014, there were 10,000,000 shares of the Company's Series A Preferred Stock issued and outstanding. Each holder of Series A Preferred Stock (of which Defendant Kumaran was the sole bearer) was entitled to 25 votes per share.

18.

On the above-referenced Schedule 14 Form, Defendant Medient Studios, through its board of directors (or agents thereof), advised its stockholders that the Form was not a notice of a special meeting of stockholders and that no stockholder meeting will be held to consider any matter described herein.  Defendant Medient Studios also advised that it was not asking stockholders for a proxy and in fact requested that stockholders not send a proxy to the Board.

19.

On the above-referenced Schedule 14 Form, Defendant Medient Studios, through its board of directors (or agents thereof), advised the stockholders that pursuant to the Nevada Revised Statues, the corporate action described in the Schedule 14 Form would not afford stockholders the opportunity to dissent from the actions described therein and to receive an agreed or judicially appraised value for their shares.

20.

On March 31, 2014, Defendant Medient Studios published a 10-K Form with the Securities and Exchange Commission indicating that Defendant Medient Studios suffered a yearly net loss of $1.3 million dollars in 2013.

21.

Defendant Medient Studios, through its board of directors (or agents thereof), publically explained that the $1.3 million dollar net loss was related to expenses on the construction of the Studioplex.

22.

Defendant Medient Studios, through its board of directors (or agents thereof), publically reassured investors that construction was moving forward on the Studioplex and that the ECIDA had agreed to help Defendant Medient Studios complete the Studioplex.

23.

On the above-referenced 10-K Form, Defendant Medient Studios, through its board of directors (or agents thereof), advised that as of March 31, 2014, the outstanding shares count stood at nearly 328 million. The 10-K gave no information on how and why the stock was issued.

24.

On June 12, 2014, Defendant Medient Studios issued a press release in which it announced several changes to the management team. The release advised that Defendant Kumaran was terminated as a CEO and that Defendant Shapiro would assume the position. The press release also indicated that Defendant Koppelman would take the responsibilities of the Chairman of the Board.

25.

On June 23, 2014, Defendant Kumaran filed suit against the other Defendants in the Second Judicial Court of the State of Nevada, in and for the County of Washoe, seeking, *inter alia*, corporate dissolution of the company and appointment of a receiver, in accordance with Nevada law.

26.

On June 25, 2014, the U.S. Securities and Exchange Commission announced the temporary suspension of the trading of securities of Defendant Medient Studios pursuant to

Section 12(k) of the Securities Exchange Act of 1934, effective 9:30 am EDT on June 25 2014 and terminating at 11:59 pm EDT on July 9, 2014, due to questions about the accuracy and adequacy of publicly disseminated information concerning the company's total shares outstanding and its operations.

27.

Defendant Medient Studios's share price, which had previously been as high as $2.33 a share, had fallen under $0.10 a share by November of 2013 and below $0.01 a share by February 2014. Defendants misrepresented and caused Defendant Medient Studios to misrepresent in public SEC filings that Defendant Medient Studios was financially healthy and functioning.

28.

Both before and during the relevant period to this action, Defendants issued a series of materially false and misleading statements to Defendant Medient Studios and its shareholders, including Plaintiff, that failed to disclose that Defendant Medient Studios was facing a liquidity crises so severe it threatened to crater Defendant Medient Studios, because Defendant Medient Studios lacked the cash and funding sources that would enable it to continue operations, especially construction and operation of the Studioplex.

29.

Defendants diluted the equity of Defendant Medient Studios's shareholders, including Plaintiff, through the unauthorized and illicit issuance of additional stock.

30.

Defendants stood in a fiduciary relationship with Defendant Medient Studios and Defendant Medient Studios's shareholders, including Plaintiff, and thereby owed them duties of due care and loyalty. These duties required Defendants to act in good faith, with ordinary care,

Page 7 of 18

and in a manner reasonably believed to be in the best interest of Defendant Medient Studios and its shareholders, including Plaintiff.

31.

Defendants violated their fiduciary duties to Defendant Medient Studios and its shareholders, including Plaintiff, by failing to act with due care, loyalty and good faith when they mismanaged corporate assets and either expressly authorized the issuance of additional stocks to control and other preferred shareholders (thereby diluting the equity of Defendant Medient Studios's common shareholders, including Plaintiff), or in conscious abrogation of their fiduciary duties, permitted it to occur.

32.

Defendants' breaches of their fiduciary duties have exposed Defendant Medient Studios to a number of harms including the possible expense of internal investigation, the possible expense of SEC investigations, the devaluation of its stock, the suspension of its stock from public trading by the SEC, the expense of litigation with Defendant Kumaran, possible involuntary dissolution, liability to shareholders, and other such damages as will be shown at trial.

33.

Defendants' breaches of their fiduciary duties have damaged Plaintiff individually by virtue of the dilution and devaluation of Plaintiff's shares in Defendant Medient Studios and other such damages as will be shown at trial.

## CONTROLLING LAW

### 34.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 33 above.

### 35.

Defendant Medient Studios is a foreign for-profit corporation, incorporated under the laws of the State of Nevada. As to the derivative proceeding contained herein in the right of a foreign corporation, pursuant to O.C.G.A. § 14-2-747, the law of the State of Nevada governs this action, except for Code Sections 14-2-743 and 14-2-745 and paragraph (2) of Code Section 14-2-746.

## DERIVATIVE ACTION AND DEMAND FUTILITY ALLEGATIONS

### 36.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 35 above.

### 37.

Plaintiff brings this action both individually and derivatively in the right and for the benefit of Defendant Medient Studios to redress the injuries suffered, and to be suffered, by Defendant Medient Studios as a direct result of the breach of fiduciary duty, waste of corporate assets, and dilution of equity, alleged herein. As to the derivative proceeding contained herein, Medient Studios, Inc. is named as Defendant Medient Studios solely in a derivative capacity.

### 38.

Plaintiff will adequately and fairly represent the interest of Defendant Medient Studios in enforcing and prosecuting its rights.

39.

Plaintiff is and has continuously been an owner of Defendant Medient Studios's stock during the wrongful conduct alleged herein.

40.

Plaintiff did not make demand on the Board of Directors of the Company to bring this action on behalf of the Company because such a demand would have been a futile, wasteful and useless act for the following reasons:

(a) All of the current Director Defendants authorized, approved, or ratified the addition of outstanding shares of Defendant Medient Studios's stock;

(b) There was no basis or justification for authorizing, approving, or ratifying the addition of outstanding shares of Defendant Medient Studios's stock;

(c) Defendants authorized, approved, ratified, or signed Defendant Medient Studios's 2012, 2013, and 2014 SEC Forms, which contained Defendant Medient Studios's financial statements, which misrepresented or actively concealed the financial state of Defendant Medient Studios. As such, any suit by Defendants to remedy the wrongs complained herein could potentially expose them to suit for securities fraud; thus, they are hopelessly conflicted in making any supposedly independent determination of a demand that they cause Defendant Medient Studios to bring this action;

(d) All of the Defendants participated in, approved, or through abdication of duty, permitted the wrongs alleged herein to have occurred and participated in efforts to conceal or disguise those wrongs from Defendant Medient Studios's stockholders and/or acting with negligence and gross negligence disregarded the wrongs complained of herein, and therefore are not disinterested parties;

(e) On information and belief, some or all of Defendants are protected against liability for breaches of fiduciary duty alleged in the Complaint by directors' and officers' liability insurance policies. However, upon information and belief, under those policies, if Defendants were to cause Defendant Medient Studios to sue itself or certain officers of Defendant Medient Studios, there would be no directors' and officers' insurance protection. This further demonstrates Defendants' conflicts in making an independent determination that would cause Defendant Medient Studios to bring this action;

(f) The authorization and issuance of stocks as alleged herein was unlawful, harmful, or otherwise not within Defendants' business judgment to acquire, authorize, or ratify.

41.

Plaintiff further shows that as a lawsuit has been filed in Nevada to dissolve Defendant Medient Studios, irreparable injury to Defendant Medient Studios would result by waiting for a response from the Directors to any formal demand by Plaintiff (or similarly situated stockholders).

## COUNT I

### Against All Defendants For Violations of Section 14(a) of the Exchange Act

42.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 41 above.

43.

Upon information and belief, Defendants issued, caused to be issued, and participated in the issuance of materially false and misleading statements to shareholders, including Plaintiff

which were contained in Defendant Medient Studios's Form 14 Proxy Statements (the "Proxies") filed on March 17, 2014 and August 28, 2012, which misrepresented or failed to disclose, *inter alia*, the facts set forth herein. By reasons of the conduct alleged herein, each Defendant violated Section 14 of the Exchange Act.

44.

Upon information and belief, Defendants participated in the filing of inaccurate and inadequate information concerning, among other things, the company's total shares outstanding and its operations. Plaintiff also represented in its Proxies that common stockholders could not take any action to amend or influence the actions disclosed in the Proxies.

45.

Plaintiff, both individually and on behalf of Defendant Medient Studios seeks to recover damages caused by Defendants' failure to disclose, among other wrongdoing, the actual financial state of the company and Defendants' impending equity dilution as described herein.

## COUNT II

### Against All Defendants for Breach of Fiduciary Duty

46.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 45 above.

47.

Defendants owe(d) Defendant Medient Studios and its shareholders, including Plaintiff, fiduciary obligations. By reason of their fiduciary relationships, Defendants owe(d) Defendant Medient Studios and its shareholders, including Plaintiff, the highest obligation of good faith, fair dealing, loyalty, and due care.

48.

Defendants, and each of them, violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision when Defendants authorized, or by abdication of duty permitted, the mismanagement of the corporation, the waste of corporate assets, and the issuance of additional stocks and other such breaches as will be shown at trial. These actions were not a good faith exercise of prudent business judgment to protect and promote Defendant Medient Studio's corporate interests and to protect Defendant Medient Studios's shareholders, including Plaintiff.

49.

As the direct and proximate result of Defendants' breaches of their fiduciary duties, Defendants have caused, and will continue to cause, Defendant Medient Studios and its shareholders, including Plaintiff, to suffer substantial monetary damages as a result of the wrongdoing described herein, as well as further and even greater damage in the future, including damage to Defendant Medient Studios's reputation, financial health, business, goodwill, and its very existence as a corporate entity.

50.

Defendant Medient Studios and its shareholders, including Plaintiff, have been directly and substantially injured by reason of Defendants' intentional breach and/or reckless disregard of their fiduciary duties to Defendant Medient Studios. Plaintiff, both individually and as a shareholder and representative of Defendant Medient Studios, seeks damages and other relief in an amount to be proven at trial.

## COUNT III

### Against All Defendants for Gross Mismanagement

51.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 50 above.

52.

By their actions alleged herein, Defendants abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Defendant Medient Studios in a manner consistent with the operations of a publicly held corporation.

53.

As a direct and proximate result of Defendants' gross mismanagement and breaches of duty alleged herein, Defendant Medient Studios has sustained and will continue to sustain significant damages in the millions of dollars; likewise, Plaintiff has sustained damages by virtue of the devaluation and dilution of her shares and other such damages as will be shown at trial.

54.

As a result of the misconduct and breaches contained herein, Defendants are liable to Defendant Medient Studios and Plaintiff in an amount to be determined at trial.

## COUNT IV

### Against Defendants for Waste of Corporate Assets

55.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 54 above.

56.

By engaging in wrongdoing alleged herein, Defendants wasted corporate assets by, among other things, taking actions resulting in the initiation of a injurious and potentially fatal lawsuit by Defendant Kumaran, which has damaged and will continue to damage the goodwill and reputation of Defendant Medient Studios, and exposing Defendant Medient Studios to civil (and potentially criminal) liability, for which Defendants are liable.

57.

As a direct and proximate result of Defendants' wrongful conduct, Defendant Medient Studios and Plaintiff have suffered damages in an amount to be proven at trial.

## COUNT V

### Against Defendants for Equity Dilution

58.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 57 above.

59.

By engaging in wrongdoing alleged herein and by causing the illicit issuance of additional stock and raising questions regarding Defendant Medient Studios's total shares outstanding, Defendants have diluted Defendant Medient Studios's equity and diluted the value of Plaintiff's and other shareholder's shares, for which Defendants are liable.

60.

As a direct and proximate result of Defendants' equity dilution, Defendant Medient Studios and Plaintiff have suffered damages in an amount to be proven at trial.

## COUNT VI

### Against Defendant Shapiro for Unjust Enrichment

61.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 60 above.

62.

As a result of the June 9, 2014 issuance of additional stock without consideration, Defendant Shapiro has been and will continue to be unjustly enriched at the expense of and to the detriment of Defendant Medient Studios.

63.

Accordingly, this Court should order Defendant Shapiro to disgorge or disclaim all above-referenced additional stock issued on June 9, 2014, or otherwise compensate Defendant Medient Studios for his unjust enrichment.

## COUNT VII

### Against Defendants for Punitive Damages

64.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 63 above.

65.

Defendants' acts and/or omissions constitute a wanton, callous and conscious disregard for the rights of Plaintiff, and thereby entitling Plaintiff to recover punitive damages.

## COUNT VIII

### Against Defendants for Attorneys' Fees and Expenses

66.

Plaintiff renews and reaffirms each and every allegation set forth in paragraphs 1 through 65 above.

67.

Defendants have acted in bad faith, have been stubbornly litigious and have caused the Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff, individually and on behalf of Medient Studios, prays for judgment as follows:

a)      Against all Defendants and in favor of Medient Studios for the amount of damages sustained by Medient Studios as a result of Defendants' breaches of fiduciary duties, gross mismanagement, waste of corporate assets, equity dilution, and unjust enrichment;

b)      Extraordinary equitable relief as permitted by law, equity, and state statutory provisions sued hereunder;

c)      Awarding to Medient Studios, Inc. restitution from Defendants, and each of them, and ordering disgorgement of all profits, benefits, and other compensation obtained by Defendants as a result of the conduct alleged herein;

d)      Awarding to Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses;

e)      Awarding to Plaintiff punitive damages in an amount to punish and deter;

f)    That Plaintiff has a jury trial on all claims so triable contained herein; and

g)    Granting such other and further relief as the Court deems Just and proper.

This ⁻⁻⁻ day of June, 2014.

                                  **BRANNEN, SEARCY & SMITH, LLP**

                                  Joseph Y. Rahimi, II
                                  Georgia Bar No. 592149
                                  Robert C. Hughes, III
                                  Georgia Bar No. 140993

Post Office Box 8002
Savannah, Georgia 31412
912.234.8875

                                  **SOUTHEAST LAW, LLC**

                                  Ashleigh R. Madison
                                  Georgia Bar No. 346027

426 Barnard Street
Savannah, Georgia 31401
912.662.6612
southeastlaw@gmail.com

**SUPERIOR COURT OF EFFINGHAM COUNTY** FILED FOR RECORD
**STATE OF GEORGIA**

| | |
|---|---|
| JUNE O'HEARN, Individually and<br>Derivatively on Behalf of MEDIENT<br>STUDIOS, INC., | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| CHARLES KOPPELMAN, JOSEPH<br>GIAMICHAEL, DAVID PATERSON,<br>JOEL SHAPIRO a/k/a JAKE SHAPIRO,<br>MANU KUMARAN and MEDIENT STUDIOS,<br>INC. a/k/a MEDIENT STUDIOS INDIA<br>PVT LTD, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |

2014 JUN 27 PM 4: 42

ELIZABETH Z. HURSEY
CLERK E.C.C.S.C.

Civil Action No.:

## CERTIFICATION UNDER RULE 3.2

Pursuant to Rule 3.2 of the Georgia Uniform State Court Rule, I hereby certify that this petition-pleading does not involve substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the Judge whom the original action was or is assigned.

This 27th day of June, 2014.

_____
Ashleigh R. Madison
Georgia Bar No: 346027

SOUTHEAST LAW, LLC
426 Barnard Street
Savannah, GA 31401
(912) 662-6612

*SUPERIOR COURT OF EFFINGHAM COUNTY*
*STATE OF GEORGIA*
*700 NORTH PINE STREET, SPRINGFIELD, GA 31329*
*Telephone (912) 754-2146 – Facsimile: (912) 754-6023*

| | |
|---|---|
| JUNE O'HEARN, Individually and Derivatively on Behalf of MEDIENT STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES KOPPELMAN, JOSEPH GIAMICHAEL, DAVID PATERSON, JOEL SHAPIRO a/k/a JAKE SHAPIRO, MANU KUMARAN and MEDIENT STUDIOS, INC. a/k/a MEDIENT STUDIOS INDIA PVT LTD, <br><br> Defendants, | ) ) ) ) ) ) **Civil Action No.:** ) ) ) ) ) ) ) ) ) ) |

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**      Charles Koppelman

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorneys whose name and address is:

Ashleigh R. Madison
Southeast Law, LLC
426 Barnard Street
Savannah, Georgia 31401

an answer to the Complaint which is hereby served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This  27  day of June, 2014

ELIZABETH Z. HURSEY
CLERK, SUPERIOR COURT OF EFFINGHAM COUNTY, GEORGIA

BY: _April Bass_____
     Deputy Clerk, Superior Court of Effingham County, Georgia

*SUPERIOR COURT OF EFFINGHAM COUNTY*
*STATE OF GEORGIA*
*700 NORTH PINE STREET, SPRINGFIELD, GA 31329*
*Telephone (912) 754-2146 - Facsimile: (912) 754-6023*

| | |
|---|---|
| **JUNE O'HEARN, Individually and Derivatively on Behalf of MEDIENT STUDIOS, INC.,** | ) <br> ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| | ) **Civil Action No.:** |
| **v.** | ) <br> ) |
| **CHARLES KOPPELMAN, JOSEPH GIAMICHAEL, DAVID PATERSON, JOEL SHAPIRO a/k/a JAKE SHAPIRO, MANU KUMARAN and MEDIENT STUDIOS, INC. a/k/a MEDIENT STUDIOS INDIA PVT LTD,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants,** | ) |

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**       Joseph Giamichael

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorneys whose name and address is:

Ashleigh R. Madison
Southeast Law, LLC
426 Barnard Street
Savannah, Georgia 31401

an answer to the Complaint which is hereby served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This *27* day of June, 2014

ELIZABETH Z. HURSEY
CLERK, SUPERIOR COURT OF EFFINGHAM COUNTY, GEORGIA

BY: *April Baca*
       Deputy Clerk, Superior Court of Effingham County, Georgia

**SUPERIOR COURT OF EFFINGHAM COUNTY**
**STATE OF GEORGIA**
*700 NORTH PINE STREET, SPRINGFIELD, GA 31329*
*Telephone (912) 754-2146 - Facsimile: (912) 754-6023*

| | |
|---|---|
| JUNE O'HEARN, Individually and<br>Derivatively on Behalf of MEDIENT<br>STUDIOS, INC., <br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>CHARLES KOPPELMAN, JOSEPH<br>GIAMICHAEL, DAVID PATERSON,<br>JOEL SHAPIRO a/k/a JAKE SHAPIRO,<br>MANU KUMARAN and MEDIENT STUDIOS,<br>INC. a/k/a MEDIENT STUDIOS INDIA<br>PVT LTD,<br><br>　　　　　**Defendants,** | )<br>)<br>)<br>)<br>)<br>)　**Civil Action No.:**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**SUMMONS**</u>

**TO THE ABOVE NAMED DEFENDANT:**　　　David Paterson

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorneys whose name and address is:

Ashleigh R. Madison
Southeast Law, LLC
426 Barnard Street
Savannah, Georgia 31401

an answer to the Complaint which is hereby served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This　27 day of June, 2014

ELIZABETH Z. HURSEY
CLERK, SUPERIOR COURT OF EFFINGHAM COUNTY, GEORGIA

BY: _____
　　Deputy Clerk, Superior Court of Effingham County, Georgia

*SUPERIOR COURT OF EFFINGHAM COUNTY*
*STATE OF GEORGIA*
*700 NORTH PINE STREET, SPRINGFIELD, GA 31329*
*Telephone (912) 754-2146 – Facsimile: (912) 754-6023*

| | |
|---|---|
| JUNE O'HEARN, Individually and Derivatively on Behalf of MEDIENT STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES KOPPELMAN, JOSEPH GIAMICHAEL, DAVID PATERSON, JOEL SHAPIRO a/k/a JAKE SHAPIRO, MANU KUMARAN and MEDIENT STUDIOS, INC. a/k/a MEDIENT STUDIOS INDIA PVT LTD, <br><br> Defendants, | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**      Joel Shapiro, aka Jake Shapiro

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorneys whose name and address is:

Ashleigh R. Madison
Southeast Law, LLC
426 Barnard Street
Savannah, Georgia 31401

an answer to the Complaint which is hereby served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This  27  day of June, 2014

ELIZABETH Z. HURSEY
CLERK, SUPERIOR COURT OF EFFINGHAM COUNTY, GEORGIA

BY: _____
    Deputy Clerk, Superior Court of Effingham County, Georgia

**SUPERIOR COURT OF EFFINGHAM COUNTY**
**STATE OF GEORGIA**
*700 NORTH PINE STREET, SPRINGFIELD, GA 31329*
*Telephone (912) 754-2146 - Facsimile: (912) 754-6023*

| | |
|---|---|
| JUNE O'HEARN, Individually and<br>Derivatively on Behalf of MEDIENT<br>STUDIOS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>CHARLES KOPPELMAN, JOSEPH<br>GIAMICHAEL, DAVID PATERSON,<br>JOEL SHAPIRO a/k/a JAKE SHAPIRO,<br>MANU KUMARAN and MEDIENT STUDIOS,<br>INC. a/k/a MEDIENT STUDIOS INDIA<br>PVT LTD,<br><br>        Defendants, | )<br>)<br>)<br>)<br>)<br>)   **Civil Action No.:**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**    Medient Studios, Inc.,
                                            a/k/a Medient Studios India Pvt Ltd.

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorneys whose name and address is:**

Ashleigh R. Madison
Southeast Law, LLC
426 Barnard Street
Savannah, Georgia 31401

an answer to the Complaint which is hereby served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _27_ day of June, 2014

ELIZABETH Z. HURSEY
CLERK, SUPERIOR COURT OF EFFINGHAM COUNTY, GEORGIA

BY: _April Baca_
     Deputy Clerk, Superior Court of Effingham County, Georgia

*SUPERIOR COURT OF EFFINGHAM COUNTY*
*STATE OF GEORGIA*
*700 NORTH PINE STREET, SPRINGFIELD, GA 31329*
*Telephone (912) 754-2146 - Facsimile: (912) 754-6023*

| | |
|---|---|
| JUNE O'HEARN, Individually and<br>Derivatively on Behalf of MEDIENT<br>STUDIOS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>CHARLES KOPPELMAN, JOSEPH<br>GIAMICHAEL, DAVID PATERSON,<br>JOEL SHAPIRO a/k/a JAKE SHAPIRO,<br>MANU KUMARAN and MEDIENT STUDIOS,<br>INC. a/k/a MEDIENT STUDIOS INDIA<br>PVT LTD,<br><br>        Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>**Civil Action No.:** |

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**    Manu Kamaran

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorneys whose name and address is:

Ashleigh R. Madison
Southeast Law, LLC
426 Barnard Street
Savannah, Georgia 31401

an answer to the Complaint which is hereby served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _27_ day of June, 2014

ELIZABETH Z. HURSEY
CLERK, SUPERIOR COURT OF EFFINGHAM COUNTY, GEORGIA

BY: _____

Deputy Clerk, Superior Court of Effingham County, Georgia