IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUNE O'HEARN, Individually and Derivatively on Behalf of MEDIENT STUDIOS, INC., | ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 4:14-cv-00186-BAE-GRS ) |
| vs. | ) ) |
| CHARLES KOPPELMAN, JOSEPH GIAMICHAEL, DAVID PATERSON, JOEL SHAPIRO a/k/a JAKE SHAPIRO, MANU KUMARAN and MEDIENT STUDIOS, INC. a/k/a MEDIENT STUDIOS INDIA PVT, LTD., | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ANSWER OF DEFENDANTS CHARLES KOPPELMAN, JOSEPH GIAMICHAEL, DAVID PATERSON, JOEL SHAPIRO a/k/a JAKE SHAPIRO, AND MEDIENT STUDIOS, INC.**

Defendants Charles Koppelman, Joseph Giamichael, David Paterson, Joel Shapiro a/k/a Jake Shapiro, and Medient Studios, Inc. (collectively, "Defendants"), by and through their undersigned attorneys, answer the Complaint herein as follows:

1. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint except admit that Charles Koppelman is a resident of the State of New York.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint except admit that Joseph Giamichael is a resident of the State of New York.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint except admit that David Paterson is a resident of the State of New York.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 6 of the Complaint.

7. **Defendants admit the allegations contained in paragraph 7 of the Complaint.**

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. **Defendants admit the allegations contained in paragraph 9 of the Complaint.**

10. **Defendants admit the allegations contained in paragraph 10 of the Complaint.**

11. **Defendants admit the allegations contained in paragraph 11 of the Complaint.**

12. **Defendants admit the allegations contained in paragraph 12 of the Complaint.**

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, **except Defendants admit that Medient entered into a lease with Effingham County Industrial Development Authority**, and respectfully refer the Court to the referenced lease agreement for the true and complete contents thereof.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint, and respectfully refer the Court to the referenced lease agreement for the true and complete contents thereof.

15. **Defendants admit the allegations contained in paragraph 15 of the Complaint.**

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint, except Defendants admit that on February 13, 2014, Medient filed a Schedule 14 Form with the Securities and Exchange Commission (the "SEC") and respectfully refer the Court to the referenced Schedule 14 Form filed with the SEC for the true and complete contents thereof.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint, and respectfully refer the Court to the referenced Schedule 14 Form filed with the SEC for the true and complete contents thereof.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint, and respectfully refer the Court to the referenced Schedule 14 Form filed with the SEC for the true and complete contents thereof.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint, and respectfully refer the Court to the referenced Schedule 14 Form filed with the SEC for the true and complete contents thereof.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint, except Defendants admit that Medient filed a Form 10-K with the SEC on or about March 31, 2013, and respectfully refer the Court to the referenced Form 10-K filed with the SEC for the true and complete contents thereof.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint, and respectfully refer the Court to the referenced Form 10-K filed with the SEC for the true and complete contents thereof.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint, and respectfully refer the Court to the referenced Form 10-K filed with the SEC for the true and complete contents thereof.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint, **except Defendants admit that Medient issued a press release on or about June 12, 2013,** and respectfully refer the Court to the referenced press release for the true and complete contents thereof.

25. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 25 of the Complaint, and respectfully refer the Court to the referenced lawsuit for the true and complete contents thereof.

26. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 26 of the Complaint, and respectfully refer the Court to the referenced SEC announcement for the true and complete contents thereof.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

35. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 35 of the Complaint, except Defendants admit that Medient Studios is a for-profit corporation organized under the laws of the State of Nevada, and respectfully refer the Court to the referenced statutes for the contents thereof.

36. In response to paragraph 36 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 39 of the Complaint

40. Defendants deny the allegations contained paragraph 40 of the Complaint and subparagraphs (a) through (f) thereunder.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT I

42. In response to paragraph 42 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT II

46. In response to paragraph 46 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT III

51. In response to paragraph 51 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT IV

55. In response to paragraph 55 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT V

58. In response to paragraph 58 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT VI

61. In response to paragraph 61 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT VII

64. In response to paragraph 64 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT VIII

66. In response to paragraph 66 of the Complaint, Defendants repeat, re-allege, and incorporate herein all of the foregoing responses as if fully set forth herein.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

## AFFIRMATIVE DEFENSES

### As And For A First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### As And For A Second Affirmative Defense

Plaintiff failed to make the proper pre-action demand upon the Board as required by Nevada law.

### As And For A Third Affirmative Defense

Plaintiff alleged damages, if any, were caused or contributed to by Plaintiff's own conduct and, therefore, Defendant is responsible for any and all alleged damages.

### As And For A Fourth Affirmative Defense

Plaintiff is barred from recovery because they failed to mitigate their alleged damages.

### As And For A Fifth Affirmative Defense

Plaintiff is prevented from recovering under the doctrines of waiver, ratification, and estoppel.

### As And For A Sixth Affirmative Defense

Defendant's alleged conduct did not proximately cause any of the damages alleged to have been sustained by Plaintiff herein.

### As And For A Seventh Affirmative Defense

Defendant's alleged misconduct is protected by the business judgment rule.

### As And For An Eighth Affirmative Defense

Plaintiff's claims are barred by laches.

### As And For A Ninth Affirmative Defense

Plaintiff lacks standing to maintain this action.

### As And For A Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### As And For An Eleventh Affirmative Defense

Defendants did not make any misrepresentations of material fact, and did not omit any material fact, from any public filing, press release or other public statement.

### As And For A Twelfth Affirmative Defense

Defendants did not breach any duty to Plaintiff, fiduciary or otherwise.

### As And For A Thirteenth Affirmative Defense

Plaintiff cannot establish that any damages were proximately caused by any of the conduct alleged in the Complaint.

### As And For An Fourteenth Affirmative Defense

Plaintiff failed to mitigate her alleged damages.

**WHEREFORE**, Defendants Charles Koppelman, Joseph Giamichael, David Paterson, Joel Shapiro a/k/a Jake Shapiro, and Medient Studios, Inc. respectfully request that the Court dismiss the Complaint, with prejudice, and grant such other relief as the Court deems just, equitable, and proper.

This 16th day of September, 2014.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

s/John M. Tatum
John M. Tatum
Georgia Bar No. 699000
Rachel Young Fields
Georgia Bar No. 747407
Carson Bacon Penney
Georgia Bar No. 231877

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
Facsimile:  (912) 236-4936
jtatum@huntermaclean.com
rfields@huntermaclean.com
cpenney@huntermaclean.com

Attorneys for Defendants Koppelman, Giamichael, Paterson, Shapiro and Medient Studios, Inc.

## **CERTIFICATE OF SERVICE**

I, John M. Tatum, hereby certify that on September 16, 2014, I have electronically filed **Answers of Defendants Charles Koppelman, Joseph Giamichael, David Paterson, Joel Shapiro a/k/a Jake Shapiro and Medient Studios, Inc.** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ashleigh Madison
Southeast Law, LLC
426 Barnard Street
Savannah, Georgia   31401

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

   *s/*John M. Tatum
John M. Tatum
Georgia State Bar Number 699000
*Attorney for Defendants Koppelman, Giamichael, Paterson, Shapiro and Medient Studios, Inc.*

Post Office Box 9848
Savannah, Georgia   31412
(912) 236-0261
Email:  jtatum@huntermaclean.com