IN THE UNITED STATES DISTRICT COURT
FOR THE SOUHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUNE O'HEARN, Individually and Derivatively on Behalf of MEDIENT STUDIOS, INC., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| CHARLES KOPPELMAN, JOSEPH GIAMICHAEL, DAVID PATERSON, JOEL SHAPIRO a/k/a JAKE SHAPIRO, MANU KUMARAN and MEDIENT STUDIOS, INC. a/k/a MEDIENT STUDIOS INDIA PVT LTD, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No.: CV414-186

## MOTION TO REMAND

**COMES NOW**, June O'Hearn, individually and derivatively on behalf of Medient Studios, Inc., Plaintiff in the above-styled action, and files this Motion to Remand, showing the Court as follows:

### I. STATEMENT OF FACTS

On June 27, 2014, Plaintiff filed individually and derivatively on behalf of Medient Studios, Inc., this action in the Superior Court of Effingham County, Georgia. See Complaint (attached hereto as Ex. A). Plaintiff asserted causes of action against all Defendants for: violation of Section 14(a) of the Exchange Act; breach of fiduciary duty; gross mismanagement; waste of corporate assets; and equity dilution. Id. at 11, 12, 14, 15. Plaintiff also asserted a cause of action for unjust enrichment against Defendant Shapiro. Id. at 16. Plaintiff further seeks punitive damages as well as attorneys' fees and expenses against all Defendants. Id. at 16-17.

On August 26, 2014, Defendants Charles Koppelman, Joseph Giamichael, David Paterson, Joel Shapiro a/k/a Jake Shapiro, and Medient Studios, Inc. a/k/a Medient Studios India Pvt Ltd. filed a Notice of Removal for this action from the Superior Court of Effingham County, Georgia, to this Court. See

Notice of Removal (attached hereto as Ex. B). This removal under 28 U.S.C. § 1441 was based solely on the claim by Plaintiffs under Section 14(a) of the Exchange Act—over which this Court has federal question jurisdiction. See Id. at 2-3.

Plaintiff has elected to withdraw her claim under Section 14(a) of the Exchange Act, and is filing a Motion for Leave to File Amended Complaint concurrently with this motion to that effect. If this Court grants the Motion for Leave to File Amended Complaint, thereby dropping the Exchange Act cause of action, Plaintiff respectfully submits that this Court will no longer have subject matter over this action, and should grant this Motion to Remand to the Superior Court of Effingham County.

## II. ARGUMENT AND CITATION TO AUTHORITY

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). "Generally, the determination of whether a case arises under federal law is made by examining the face of a plaintiff's well-pleaded complaint." Martin v. Citimortgage, Inc., 2010 U.S. Dist. LEXIS 43525 (N.D. Ga. May 3, 2010). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). "Plaintiffs can avoid the exercise of federal jurisdiction by relying only on state law." Martin, 2010 U.S. Dist. LEXIS 43525 at *6.

As it currently exists, Plaintiff's complaint states only one federal claim—a violation of Section 14(a) of the Exchange Act. (See Compl., pp. 11-12). The other claims in Plaintiff's complaint arise under state law. Plaintiff desires to be in state court to litigate her claims and is seeking to withdraw her claims based on federal law so that she may be given the opportunity to do so. "[T]he party who brings a suit is master to decide what law he will rely upon . . . ." The Fair v. Kohler Die & Specialty Co., 228 U.S. 22 (1913). "The plaintiff may by the allegations of his complaint determine the status with respect to removability of a case." Great North R. Co. v. Alexander, 246 U.S. 276, 282 (1918); See also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). The Eleventh Circuit remains

committed to this basic principle of law. "[T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." <u>Hill v. BellSouth Telecomms., Inc.</u>, 364 F.3d 1308, 1314 (11th Cir. 2004)(citation omitted). Plaintiff requests that this Court allow the Plaintiff the opportunity to remove the federal based allegation and claim, and to pursue the remaining state law claims in the Complaint.

WHEREFORE, Plaintiff respectfully requests that her Motion to Remand be granted and that this case be transferred back to the Superior Court of Effingham County.

This 25th day of September, 2014.

/s/Ashleigh R. Madison
Ashleigh R. Madison
Georgia Bar No. 346027

SOUTHEAST LAW, LLC
426 Barnard Street
Savannah, GA 31401
(912) 662-6612

/s/Joseph Y. Rahimi, II
Joseph Y. Rahimi, II
Georgia Bar No. 592149
Robert C. Hughes, III
Georgia Bar No. 140993

BRANNEN, SEARCY & SMITH, LLP
Post Office Box 8002
Savannah, GA 31401
(912) 234-8875

**CERTIFICATE OF SERVICE**

     I hereby certify that on this date I electronically filed the foregoing **Plaintiff's Motion to Remand** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John M. Tatum, Esq.<br>
Rachel Young Fields, Esq.<br>
Carson B. Penney, Esq.<br>
Hunter, Maclean, Exley & Dunn, P.C.<br>
Post Office Box 9848<br>
Savannah, GA 31412-0048

This  25th day of September, 2014.

/s/ Ashleigh R. Madison<br>
Ashleigh R. Madison<br>
Georgia Bar No: 346027

Southeast Law, LLC
426 Barnard Street
Savannah, GA 31401
(912) 662-6612